

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0321-11

**ANIBAL VASQUEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS
## FORT BEND COUNTY

**PRICE, J., filed a concurring opinion.**

## CONCURRING OPINION

I join Parts I and II of the Court's opinion without reservation. I can also subscribe

to most of what the Court says in Part III of its opinion, and I am content to join it as

well—with a caveat. At the risk of quibbling, I write further to explain why I believe it is

unnecessary for the Court to overrule the plurality opinion in *Johnson v. State*.[1] I would also

[1] 739 S.W.2d 299 (Tex. Crim. App. 1987) (plurality opinion).

offer an additional observation why the error in this case did not satisfy the "some" harm standard of *Almanza/Arline*.[2]

The evidence in this case would not have supported a conviction of the appellant as a primary actor in the aggravated robbery. The appellant asked the trial court to amend the application paragraph to incorporate the entire definition of the law of parties under Section 7.02(a)(2) of the Penal Code.[3] Prior to *Almanza/Arline*, this Court might well have reversed a case like this for failing to apply the law of parties to the particular facts of the case.[4] Now, an appellate court might still find it necessary to reverse, but only if, after assaying the entire record, it should find that the error was "calculated to injure the rights of [the] defendant," for purposes of Article 36.19 of the Code of Criminal Procedure.[5]

Nothing in *Johnson* is to the contrary. In fact, *Johnson*'s discussion of, and reliance

---

[2] *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985) (opinion on reh'g); *Arline v. State*, 721 S.W.2d 348 (Tex. Crim. App. 1986).

[3] TEX. PENAL CODE § 7.02(a)(2) ("A person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense[.]").

[4] *Johnson*, *supra*, at 304 ("In a second line of cases [this] Court held [*pre-Almanza*] that where the evidence supports conviction only upon a theory involving the law of principals [now the law of parties], failure to apply that law to the facts upon request or objection will result in reversal.").

[5] TEX. CODE CRIM. PROC. art. 36.19.

upon a footnote in *Black v. State*,[6] a case decided shortly after *Almanza*, demonstrates that the plurality was cognizant that *Almanza/Arline* had dispensed with any rule of automatic reversal for the failure of the trial court, on request or objection, to apply the law of parties to the facts of the case, even when—as here—party liability was the only avenue of conviction supported by the record.[7] Moreover, unlike the appellant here, Johnson asked the trial court to apply the law of parties in such a way as to limit the jury's consideration of his guilt to the specific theory/theories of party liability that was/were supported by the evidence. It was the failure to do so on the specific facts of that case, the plurality held, that "precipitated at least 'some harm' to appellant under *Almanza* . . . irrespective of whether the evidence incidentally supported conviction of appellant as a primary actor as well."[8]

The plurality in *Johnson* neither carried over the prior rule of automatic reversal nor ignored the import of *Almanza* and *Arline*. I agree that, to the extent that the court of appeals in this case may have misconstrued *Johnson*, it erred. But particularly because, as the Court

---

[6]

723 S.W.2d 674, 675-76 & n.2 (Tex. Crim. App. 1986) (observing that, when evidence clearly supports conviction of the defendant as a primary actor, a failure to apply law of parties to the facts of the case will be harmless, but suggesting that, if the jury is presented with some rational basis to reject the defendant's guilt as a primary actor, and the evidence also supports conviction of the defendant as a party, there may exist "some" harm in contemplation of *Almanza*).

[7]

*Johnson*, *supra*, at 304-05 (discussing *Black*).

[8]

*Id*. at 305.

today acknowledges,[9] a plurality opinion such as *Johnson* is not binding precedent in any event, I fail to see the urgency to formally overrule it. The facts of this case are sufficiently distinguishable that the question of whether or not *Johnson* should be overruled, or even simply disavowed as persuasive authority, can wait for another day.

Unlike Johnson, the appellant in this case did not ask for a jury instruction that would have limited the jury's consideration to whatever subset of the law of parties he believed the evidence may have supported.[10] That was apparently not his concern—at least, not judging by the thrust of his defensive posture. What the appellant wanted to convince the jury of was that, by whatever particular *conduct* he may have facilitated the commission of the robbery in this case, he did not undertake that conduct with the requisite "intent to promote or assist the commission of the" robbery.[11] In his testimony, he claimed that he did not even realize that a robbery was going down. Any lack of specificity in the application paragraph with respect to the conduct by which the appellant may have facilitated commission of the offense

---

[9] Majority opinion at 15 & n.38.

[10] He might have argued that the evidence would support the theory that he intended to *promote* the commission of the offense, but not to *assist* the commission of the offense—or vice versa. TEX. PENAL CODE § 7.02(a)(2). He might have argued that the evidence would support some, but not all, of the alternative theories of conduct that triggers party liability, namely, "solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense[.]" *Id*. What he *did* ask for was an instruction that would simply have reiterated *all* of these theories, as already contained in the abstract definition of the law of parties, to which the application paragraph, as given, clearly referred back.

[11] *Id*.

did not hamper his ability to pursue his defensive theory that he never harbored the requisite intent to be a party. For this reason, in addition to those developed by the Court in Part III of its opinion, I agree that the appellant in this case did not suffer even "some" harm.

With this addendum, I readily join the Court's opinion except to the extent that it deems it necessary or advisable to overrule the plurality opinion in *Johnson*.

FILED:      October 3, 2012
PUBLISH